[Docket No. 20]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

PEARLY MITCHELL and CUPID MITCHELL,

        Plaintiffs,

  v.

GPM INVESTMENTS, LLC D/B/A FAS MART SHORE STOP, et al.,

        Defendants.

Civil No. 14-683 (RMB/AMD)

**MEMORANDUM ORDER**

Bumb, United States District Judge

    This matter comes before the Court upon a Motion to Dismiss the Complaint filed by Defendants Kellam Realty Company, LLP, incorrectly designated as Kellam Realty Company, and Douglass K. Patterson (:Defendants"). [Docket No. 20] For the reasons set forth herein, this motion, which is unopposed,[1] is granted.

    Plaintiffs Pearly Mitchell and Cupid Mitchell, wife and husband, allege that Mrs. Mitchell sustained personal injuries on February 4, 2012, as a result of a trip and fall incident

---

[1] Plaintiffs sought an extension from this Court to file any opposition by November 10, 2014. [Docket No. 29]. Almost four months have passed, and Plaintiffs have not opposed this motion. On this basis alone, the Court could grant the motion.

1

that occurred on a convenience store premises located at 1647 Lankford Highway, North Hampton County, Eastville, Virginia. Plaintiff Pearly Mitchell alleges that she was walking on the sidewalk which connected the parking lot to the front entrance of the convenience store when she was caused to trip and fall over an air hose extending from a tire inflation machine located on the premises.  Plaintiffs assert a negligence/premises liability theory against, among others, the Defendants.

Defendants now move for entry of an order pursuant to Fed. R. Civ. P. 12(b)(2), dismissing Plaintiffs' Complaint against them for lack of personal jurisdiction.

According to Defendants, Defendant Kellam Realty Company, LLP, is a Virginia limited liability partnership and current owner of the premises upon which the convenience store is located.  See Certification of Douglass K. Patterson, [Docket No. 20-2].  Kellam Realty Company, LLP is the successor-in-interest to Kellam Realty Company, a Virginia general partnership and the previous owner of the store.  Id.  Kellam Realty Company, LLP, is an out of possession owner/landlord of the premises subject to a "triple-net" lease agreement with the tenant/possessor Defendant GPM Investments, LLC, which entity operates the convenience store.  Id.  Defendant Douglass K. Patterson is a partner with Kellam Realty Company, LLP.  Id.

Moreover, Kellam Realty Company, LLP, has its principal place of business in Belle Haven, Virginia. Kellam Realty Company, LLP, does not maintain a place of business in New Jersey, conduct business in New Jersey nor hold itself out to the public as doing business in New Jersey. Further, Kellam Realty Company, LLP, does not have designated agents for acceptance of service of process in New Jersey. Kellam Realty does not maintain company agents in New Jersey, does not own real property in New Jersey and does not pay taxes to the State of New Jersey. Finally, Kellam Realty Company, LLP, does not sell goods or transport goods into the State of New Jersey and is not otherwise involved in the distribution, marketing, sale or advertisement of any products or services specifically in New Jersey. Douglas K. Patterson declares that he is a partner with Kellam Realty Company, LLC, and he currently resides in Virginia. He does not own property in New Jersey, does not conduct business in New Jersey, does not pay taxes to the State of New Jersey, and does not distribute, sell or market goods and services in New Jersey.

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir.2004) (citations omitted). The New Jersey long-arm statute "permits

the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir.1981)).  Consistent with due process, personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction.  See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–415, n. 8 & 9 (1984).

General jurisdiction is found where a defendant has "continuous and systematic" contacts with the state. Heliocopteras, 466 U.S. at 414-15.  Specific jurisdiction, in contrast, is present where: (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of the contacts; and (3) the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d at 317. This "purposeful availment" requirement assures that the defendant could reasonably anticipate being hauled into court in a forum and is not subject to personal jurisdiction in a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475.

In considering a defendant's contacts, the actions of a defendant's agent may be attributed to the defendant for personal jurisdiction purposes. Seltzer v. IC. Optics, Ltd., I.C., 339 F. Supp. 2d 601, 609-12 (D.N.J. 2004). In addition, while jurisdiction over an employee does not automatically flow from jurisdiction over the employer, an individual's contacts with the forum, made in a corporate capacity, may be credited in the jurisdictional analysis, where those contacts support individual liability. Gerald Chamales Corp. v. Oki Data Americas, Inc., 557 F. Supp. 2d 494, 504 (D.N.J. 2008); See also Wellness Publishing v. Barefoot, 128 F. Appx. 266, 269 n.2 (3d Cir. 2005)(indicating that, on remand, the District Court should look to Educational Testing Servs. v . Katzman, 631 F. Supp. 550 556-59 (D.N.J. 1986)(holding that individual actions taken in corporate capacity could be considered in jurisdictional analysis) in determining whether the individual defendants were "not subject to personal jurisdiction because the relevant contacts were established in their roles as corporate officers"). And, under New Jersey law, "a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort." Route 27, LLC v. Getty Petroleum

Marketing, Inc., No. 10-3080, 2011 WL 1256618, at *7 (D.N.J. Mar. 30, 2011).

A party may move for dismissal of an action based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). To meet this burden, a plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." Id. This Court may consider affidavits and declarations. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

Here, Plaintiffs have not even made allegations that could sustain their burden of proof in demonstrating sufficient "minimum contacts" of non-resident Defendants Kellam Realty Company, LLP, and Douglass K. Patterson with the State of New Jersey. There is no allegation that Kellam Realty Company, LLP, has its principal place of business or any meaningful contacts whatsoever, in New Jersey. Nor is there any allegation that Douglass K. Patterson is a resident of New Jersey or otherwise conducts meaningful business activities in New Jersey. In fact,

Plaintiffs' Complaint admits that Kellam Realty Company, LLP, and Douglass K. Patterson are residents of Virginia. As such, Plaintiffs have not sustained their initial burden of establishing personal jurisdiction over Defendants.

Nonetheless, based upon the facts set forth in the Affidavit of Douglass K. Patterson, a partner with Kellam Realty Company, LLP, no facts exist to establish that general jurisdiction exits. Kellam Realty Company, LLP, is a Virginia limited liability partnership with its principal place of business in Belle Haven, Virginia, and maintains no offices in New Jersey. Kellam Realty Company, LLP, does not maintain a place of business in New Jersey, does not conduct business in New Jersey and does not hold itself out to the public as doing business in New Jersey. Kellam Realty Company, LLP, does not have a designated agent for acceptance of service of process in New Jersey, nor does it maintain company agents in New Jersey. Kellam Realty Company, LLP, does not own property or pay taxes in New Jersey, does not sell goods or send goods into New Jersey, and does not conduct any advertising specifically in New Jersey. Likewise, Defendant Douglass K. Patterson is a resident of Virginia. He does not own property in New Jersey, does not pay taxes in New Jersey and does not conduct any meaningful

business in New Jersey. See generally Certification of Patterson, Docket No. 20-2.

Turning to specific jurisdiction, Plaintiffs' Complaint fails to allege facts sufficient to support specific jurisdiction over Defendants. Plaintiffs have not alleged that Defendants purposefully availed themselves of the benefits and protections of New Jersey such that the assertion of personal jurisdiction would be appropriate. The accident did not arise in New Jersey. The alleged acts giving rise to the claimed liability have to do with the maintenance of the convenience store premises allegedly owned by Kellam Realty Company, LLP, as an out-of-possession owner/landlord under a triple-net lease agreement – acts which occurred exclusively in Virginia.

Accordingly, for the reasons set forth above, the Court grants the unopposed motion to dismiss the Complaint atgainst Defendants Kellam Realty Company, LLP, and Douglass K. Patterson for lack of personal jurisdiction.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated February 11, 2015